UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID LEIBOWITZ, BENJAMIN LEIBOWITZ, JASON LEIBOWITZ, AARON LEIBOWITZ, and PINCHAS GOLDSHTEIN,<br><br>                Plaintiffs,<br><br>   v.<br><br>IFINEX INC., BFXNA INC., BFXWW INC., TETHER HOLDINGS LIMITED, TETHER OPERATIONS LIMITED, TETHER LIMITED, TETHER INTERNATIONAL LIMITED, DIGFINEX INC., PHILIP G. POTTER, GIANCARLO DEVASINI, LUDOVICUS JAN VAN DER VELDE, REGINALD FOWLER, CRYPTO CAPITAL CORP., and GLOBAL TRADE SOLUTIONS AG,<br>                Defendants. | No. 19 Civ. 09236 (KPF)<br>ECF Case |
| ERIC YOUNG, ADAM KURTZ, and DAVID CRYSTAL on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>IFINEX INC., BFXNA INC., BFXWW INC., TETHER HOLDINGS LIMITED, TETHER LIMITED, DIGFINEX INC., TETHER OPERATIONS LIMITED, TETHER INTERNATIONAL LIMITED, AND JOHN DOES 1-50,<br>                Defendants. | No. 20 Civ. 00169 (KPF)<br>ECF Case |

[*caption continued next page*]

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO APPOINT KIRBY MCINERNEY LLP AND THE RADICE LAW FIRM AS INTERIM LEAD COUNSEL, OPPOSITION TO MOTION TO APPOINT ROBBINS GELLER, AND REPLY TO MOTION TO APPOINT ROCHE CYRULNIK FREEDMAN LLP**

| | |
|---|---|
| BRYAN FAUBUS on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br> v.<br><br>IFINEX INC., BFXNA INC., BFXWW INC., TETHER HOLDINGS LIMITED, TETHER LIMITED, DIGFINEX INC., TETHER OPERATIONS LIMITED, TETHER INTERNATIONAL LIMITED, AND JOHN DOES 1-50,<br>       Defendants. | No. 20 Civ. 00211 (KPF)<br>ECF Case |
| JOSEPH EBANKS, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> v.<br><br>IFINEX INC., BFXNA INC., TETHER HOLDINGS LIMITED, TETHER LIMITED, TETHER OPERATIONS LIMITED, DIGFINEX INC., JEAN-LOUIS VAN DER VELDE, GIANCARLO DEVASINI and PHILIP POTTER,<br><br>       Defendants. | No. 20 Civ. 00453 (KPF)<br>ECF Case |

Plaintiffs Eric Young, Adam Kurtz, and David Crystal (collectively, the "*Young* Plaintiffs" or "Plaintiffs") respectfully submit this memorandum of law in further support of their motion to appoint Kirby McInerney LLP ("Kirby") and the Radice Law Firm, P.C. ("Radice") (collectively, the "Kirby/Radice Team") as interim lead counsel, in opposition to the motions filed by counsel in the *Ebanks* Action (ECF No. 71) and by counsel in the *Leibowitz* Action (ECF Nos. 58, 78).[1]

## ARGUMENT

**I.    The Kirby/Radice Team Should Be Appointed Interim Lead Counsel Because It Offers the Most Compelling Leadership Application**

The Kirby/Radice Team has shown it is the most qualified to be appointed Interim Lead Counsel under Rule 23(g) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 23(g); *see* Opening Br. at Section II, Opp. Br. at Section II. An objective comparison of the complaints filed in this consolidated action demonstrates that the Kirby/Radice Team developed the most substantial and particularized allegations in consultation with industry experts and through sophisticated econometric analysis in both the bitcoin and related derivative markets.

In addition, the Kirby/Radice Team is comprised of experienced litigators with an outstanding track record of success prosecuting antitrust/commodities claims relating to derivatives and other exotic financial instruments traded over-the-counter and on-exchange. In fact, the strength of our application and leadership ability has been endorsed by counsel in the *Faubus* Action. *See* ECF No. 79. If appointed interim lead counsel, the Kirby/Radice Team will

---

[1] All ECF references refer to the consolidated docket in *Leibowitz v. iFinex Inc.*, No. 19 Civ. 09236 (KPF) (S.D.N.Y.) ("*Leibowitz* Action") unless otherwise noted. All references to "Opening Br." are to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Appoint Counsel. *See* Pls.' Mem. in Supp. of Pls' Mot. to Appoint Counsel, *Young et al. v. iFinex Inc., et al.*, No. 20 Civ. 169 (S.D.N.Y. Jan 13, 2019) [ECF No. 25]. All references to "Opp. Br." are to Plaintiffs' Memorandum of Law in Opposition to Competing Movants' Motions for Interim Lead Counsel and in Further Support of the Motion to Appoint Kirby McInerney LLP and the Radice Law Firm, P.C. as Interim Lead Counsel. *See* ECF No. 75.

prosecute the claims of the putative class effectively and efficiently and draw upon counsel for the other consolidated actions, as appropriate.

## II.     The Leadership Application by Robbins Geller Is Not as Persuasive

Robbins Geller seeks to be appointed sole interim lead counsel for the consolidated actions. *See* ECF No. 71 at 1.  While Robbins Geller is admittedly capable, the firm has not demonstrated the same commitment to developing claims in *this* litigation as the Kirby/Radice Team.  The *Ebanks* Complaint filed by Robbins Geller was the last of the consolidated actions to be filed, but that complaint does not reflect the same degree of pre-filing investigation as the *Young* Complaint filed by the Kirby/Radice Team.  Specifically, the *Young* Complaint is distinctive because it has already moved beyond publicly available academic sources to examine the direct impact on proposed class members, including in the bitcoin and related bitcoin futures markets.  *See* Opp. Br. at Section II.B.  Though Robbins Gellers refers to consulting experts in its opening brief (*see* ECF No. 71 at 5), the *Ebanks* Complaint does not reflect the same investment of time and resources resulting factual allegations derived from expert economic work as the *Young* Complaint.

Robbins Geller's remaining defense-minded critiques highlight, *inter alia*, variations in legal theories, scope of class definitions, or appropriateness of class representatives.  *See* ECF No. 71 at 5-6.  The alleged critiques of both competing movants fall flat – merely pointing out distinctions without any valid differences.  Such determinations can be made when an amended consolidated complaint is filed.[2]

If appointed interim lead counsel, the Kirby/Radice Team will be able to draw upon the

---

[2] *See In re Comverse Tech., Inc. Derivative Litig.*, No. 06 Civ. 1849, 2006 WL 3761986, at *4 (E.D.N.Y. Sept. 22, 2006) (finding plaintiffs' criticisms of each other's pleadings for "purported deficiencies" "immaterial to the Court's determination of who should be appointed lead counsel" and noting the purported deficiencies "can be cured" in a consolidated complaint), *objections overruled*, 2006 WL 3511375 (E.D.N.Y. Dec. 5, 2006).

2

experience of other law firms to benefit the interests of the class (and not out of necessity[3]). Most importantly, the *Young* Complaint filed by the Kirby/Radice Team provides a superior base from which an amended consolidated complaint can incorporate a consensus view in the best interests of the class.

### III.     Roche Cyrulnik Freedman LLP Has Not Demonstrated that It Would Best Represent the Interests of the Putative Class

In opposition, Roche Cyrulnik Freedman LLP ("RCF") and its co-counsel recapitulate the purported significance of being first-to-file its complaint. Yet, compared to the rigorous market analysis in the *Young* Complaint, this argument continues to ring hollow. *See* Opp. Br. at Section III.A. In addition, neither Schneider Wallace Cottrell Konecky LLP ("SWCK") nor Selendy & Gay PLLC ("S&G") were signatories to the *Leibowitz* Complaint. In fact, S&G did not even appear until RCF filed its opposition to the competing interim lead counsel motions. *See* ECF No. 78. The relative contributions of those firms to the *Leibowitz* Action remain unclear.

Moreover, the Kirby/Radice Team consulted with both economists *as well as* industry experts prior to filing the *Young* Complaint. In contrast, RCF curiously employed their paid industry expert to admit that it *could have* included the same types of expert analyses commissioned by the Kirby/Radice Team but concedes that they *did not*. *See* ECF 78-2 at ¶¶ 7, 9. In fact, counsel in the *Leibowitz* Action previously *declined* to amend or strengthen their complaint (such as with the kind of regression analysis the *Young* Complaint contains, including in the futures market) in anticipation of Defendants' motion to dismiss. *See* ECF No. 40. Further, conscripting a bitcoin "personality" [4] to submit an affidavit to assert RCF's crypto credentials is a novel, but

---

[3] *See* Section III, *infra*.

[4] *See* Joon Ian Wong, "A Bitcoin Booster Got $1.5 Million After Being 'Bitshamed' For Being Poor," *Quartz*, https://qz.com/1151233/ andreas-antonopoulos-got-1-5-million-in-bitcoin-

unpersuasive tactic.[5]  Rather than highlighting relative strength in a specific type of financial product, this approach underscores RCF's relative inexperience prosecuting the type of class claims asserted by the consolidated actions.

The efficient and effective representation of the class requires not only understanding the market, but also the demonstrated ability to prosecute antitrust and commodities claims on behalf of a putative class.  The Kirby/Radice Team respectfully submits that it fulfills both criteria.  *See* Opening Br. at Section II; Opp Br. at Section II.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court appoint Kirby McInerney LLP and the Radice Law Firm, PC as Interim Co-Lead Counsel and primary Plaintiffs' Liaison to the Court and Defendants.

Dated: February 7, 2020

**KIRBY MCINERNEY LLP**

*/s/ Karen M. Lerner*
David E. Kovel
Karen M. Lerner
Thomas W. Elrod
Anthony E. Maneiro
250 Park Avenue, Suite 820
New York, New York 10177
Telephone: (212) 371-6600
Email: dkovel@kmllp.com
klerner@kmllp.com
telrod@kmllp.com
amaneiro@kmllp.com

---

donations-after-roger-ver-bitshamed-him/ (Dec. 8, 2017).  In any event, neither of the alleged RCF industry experts appear qualified to perform the expert economic analyses submitted by the Kirby/Radice Team in the *Young* complaint.  *See* ECF No. 78-1; 78-2.

[5] *See* ECF No. 78-1 at ¶ 17 (noting that Andreas M. Antonopoulos was retained by RCF in *Kleinman et al. v. Craig Wright*, No. 18 Civ. 80176 (S.D. Fla.), a personal property case).

4

5

        **RADICE LAW FIRM, P.C.**

        */s/ John Radice*
        John Radice
        April Lambert
        Natasha Fernandez-Silber
        475 Wall Street
        Princeton, New Jersey 08540
        Telephone: (646) 245-8502
        E-mail: jradice@radicelawfirm.com
                alambert@radicelawfirm.com
                nsilber@radicelawfirm.com

        *Counsel for Plaintiffs Eric Young,*
        *Adam Kurtz, and David Crystal*